JAP:EJM
F. #2006R01717

M-07- 50

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

BRENT TEPPER,

          Defendant.

- - - - - - - - - - - - - - - - -X

SEALED COMPLAINT AND
AFFIDAVIT IN SUPPORT OF
ARREST WARRANTS

(T. 21, U.S.C., §§ 953
 and 963)

EASTERN DISTRICT OF NEW YORK, SS:

      Michael Fernandez, being duly sworn, deposes and says that he is a Special Agent with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

      Upon information and belief, on or about and between September 1, 2006, within the Eastern District of New York and elsewhere, the defendant BRETT TEPPER ("TEPPER"), did knowingly and intentionally conspire to export a controlled substance from the United States to a place outside thereof, which offense involved 500 grams or more of a substance containing cocaine, a schedule II controlled substance in violation of 21 U.S.C. § 953.

      (Title 21, United States Code, Section 963.)

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and

1.   I am a Special Agent of the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"). I have been a Special Agent for less than a year. Prior to this position, I was a Customs and Border Protection (CBP) Supervisor for one year and a CBP officer for 12 years. I am currently assigned to the JFK Joint Narcotics Smuggling Unit at John F. Kennedy International Airport ("JFK"). As a Special Agent, I work on investigations relating to, among other things, the importation, exportation and distribution of narcotics. During my career, I have been involved in hundreds of investigations pertaining to narcotics trafficking. Through my experience in these investigations, I have become familiar with the methods used by narcotics traffickers to further their goals.

2.   The factual information supplied in this application and affidavit is based upon my investigation, upon information provided to me by other law enforcement officers and upon interviews of witnesses. Where the contents of others are related herein, they are related in substance and part unless otherwise indicated.

3.   On or about September 5, 2006, a cooperating witness (CW1)[2/] was arrested after attempting to export cocaine

---

circumstances of which I am aware.

CW1 is cooperating with law enforcement with the hope of receiving a lessor sentence.

3

to London, England, in a checked suitcase aboard British Airways (BA) Flight 176 to London, on or about September 1, 2006. After his arrival in London, on or about September 3, 2006, CW1 reported that the suitcase had been lost. When BA returned the suitcase to JFK, on or about September 4, 2005, an examination by CBP officers found that 1,955 net grams of cocaine were concealed within two cookie boxes in the suitcase. CW1 admitted that he/she planned to sell the cocaine in the United Kingdom for profit and agreed to cooperate with ICE agents.

4. According to CW1, the cocaine that was seized by Customs and Border Protection (CBP) was sold to him/her by BRETT TEPPER, of 630 First Avenue, Apartment 16N, New York, New York 10016 (the "SUBJECT ADDRESS"). CW1 had purchased cocaine from TEPPER on more than one occasion.

5. According to CW1, all of the drug transactions with TEPPER occurred within TEPPER's apartment, located at the SUBJECT ADDRESS. CW1 would give the money directly to TEPPER and TEPPER would directly hand CW1 the cocaine. They otherwise communicated with each other by text messaging and telephone.

6. I was informed by CW1 that TEPPER's cellular telephone number was (516)984-0420. A check of Sprint Spectrum records confirmed that this number was assigned to Brent TEPPER of the SUBJECT ADDRESS. A LEXIS computer search corroborated that TEPPER lived at the SUBJECT ADDRESS.

7. As part of his cooperation with ICE, CW1 agreed to contact TEPPER to engage him in conversations about past and future drug transactions. CW1 placed a series of telephone calls and text messages to TEPPER. All telephone conversations were recorded and the text messages were captured and verified.

8. On or about December 1, 2006, during a monitored and recorded telephone conversation, CW1 asked TEPPER, "Can I meet up with you maybe like I did before I go home for Christmas in a couple of weeks," to which TEPPER replied, "Yeah, it shouldn't be a problem."

9. On or about December 4, 2006, during a monitored and recorded telephone call, TEPPER apologized to CW1 for not responding sooner. CW1 asked TEPPER if TEPPER could "figure out a price on what I got last time, two of those" and TEPPER replied, "Ok." (CW1 had informed agents that his last purchase from TEPPER was two kilograms of cocaine.) CW1 gave TEPPER additional details as to when he wanted to make the purchase and TEPPER stated, "I'll see how much I can get, I'll see what the deal is and I'll let you know."

10. On or about December 12, 2006, CW1 sent a text message to TEPPER asking, "Did you get anywhere with those prices?" TEPPER immediately text-messaged back, "Sorry bro nada yet."

11. On or about January 4, 2007, during a monitored and recorded telephone call, CW1 stated to TEPPER, in sum and

substance, that because they were not able to connect before Christmas, CW1 had to make a purchase out east that was of lesser quality. CW1 then stated to TEPPER that he was traveling to the United Kingdom on December 16 or 18 and asked TEPPER if he could "grab something possibly before then is that cool?" TEPPER replied, "I don't know I'll do my best to find out." He also stated to CW1 that things had slowed down, so "I'll definitely make sure I get back to you." CW1 reiterated that his substitute purchase was of poor quality and referred to TEPPER's supplier. TEPPER replied, "Yeah, no problem. I'll see if I can talk to him; I don't know if he's around. I'll let you know."

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant BRETT TEPPER so that he may be dealt with according to law.

MICHAEL FERNANDEZ
ICE Special Agent

Sworn to before me this
12 day of January, 2007

VVP
United States Magistrate Judge
Eastern District of New York